IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **4:23CR3059** |
| vs. | |
| MATTHEW TIMOTHY, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on Defendant's objections (Filing No. 76) to the Magistrate Judge's Findings and Recommendation (Filing No. 75), recommending that Defendant's Motion to Suppress (Filing No. 42) be denied. For the reasons explained below, Defendant's objections are overruled.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1), when a party objects to a proposed findings of fact and recommendation by a magistrate judge, the Court must "make a de novo determination of those portions . . . to which objection is made." *Id.*; *accord Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections . . ."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Crim. P. 59(b)(3). If desired, a reviewing district court judge may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

When a party contests a magistrate judge's findings that resulted from an evidentiary hearing, the reviewing district court judge does not need to conduct another hearing. *See United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636 "calls for a de novo determination, not a de novo hearing"). Instead, the district court discharges its duty by, at a minimum, listening to a tape recording or reading a transcript of the evidentiary hearing. *See United States v. Azure*, 539 F.3d 904, 910–11 (8th Cir. 2008). Here, the Court has read the transcript of the hearing and has reviewed the exhibits admitted therein.

## DISCUSSION

Defendant does not take issue with the Magistrate Judge's factual findings. Therefore, for purposes of brevity, the facts will not be set out in full here. Defendant's objection pertains to the scope of the second warrant issued in this case. That warrant authorized the search of Defendant's apartment to seize "[a]ll computer system[s] including all Hard Drives, External Storage Drives and other Electronic Devices which may contain information." (Filing No. 52-7.) The affidavit offered in support of the second warrant indicated that Defendant was communicating with minor girls about the purchase of alcohol and marijuana "through social media applications such as Facebook Messenger and Snapchat Applications on his Cellular Phone and or Computer(s)." (Filing No. 52-7.) The affidavit indicated Defendant had sent a picture of his penis to minors. (Filing No. 52-7.) The affidavit further stated Defendant asked to have sexual intercourse with a 14-year-old. (Filing No. 52-7.) The affidavit stated there was sufficient probable cause related to unlawful activity to support issuance of the warrant, "including, but not limited to" child abuse, distributing a controlled substance to a minor, procuring/selling alcohol to a minor/incompetent, and contributing to the delinquency of a child. (Filing No. 52-7.)

Defendant concedes that officers had probable cause to obtain a warrant to seize devices that could be used to communicate with minors through text messages or internet-based communication applications. However, Defendant argues the second warrant was overly broad and lacked particularity because it was not limited to electronic devices that could have been used to *communicate* with minors, but rather extended to hard drives and external storage devices.

1.    **Probable Cause & Overbreadth**

A search warrant must be supported by a showing of probable cause to be constitutionally valid. *United States v. Summage*, 481 F.3d 1075, 1077 (8th Cir. 2007). "Probable cause to issue a search warrant exists when an affidavit in support of the warrant sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched." *United States. v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007) (quotation omitted). There must also be evidence of a nexus between the contraband and the place to be searched. *United States v. Randle*, 39 F.4th 533, 536 (8th Cir. 2022). "The requisite nexus between a particular location and contraband is determined by the nature of the crime and the reasonable, logical likelihood of finding useful evidence." *United States v. Colbert*, 828 F.3d 718, 726 (8th Cir. 2016) (quotation omitted).

"Judges may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant." *Summage*, 481 F.3d at 1078 (quotation omitted). The issuing judge's determination of probable cause is afforded great deference. *United States v. Saddler*, 19 F.4th 1035, 1039 (8th Cir. 2021). The sufficiency of the supporting affidavit is reviewed "using a common sense and not a hypertechnical approach." *United States v. Grant*, 490 F.3d 627, 631-32 (8th Cir. 2007) (quotation omitted).

Defendant argues the warrant was overly broad because it exceeded the scope of probable cause established by the affidavit. Defendant concedes there was probable cause to believe he communicated with the minor girls, such that a search of his cell phone was lawful. However, he contends investigators did not have probable cause to seize and search his electronic storage devices because the investigation pertained to communications with minors, and that an electronic storage device cannot be used to communicate. Defendant argues the affidavit did not establish a sufficient nexus between criminal activity and the electronic storage devices in his apartment. The Court disagrees.

The affidavit signed by Falls City Police Department Officer Juan Ramirez ("Officer Ramirez") contained detailed information regarding suspected criminal activity. In his affidavit, Officer Ramirez stated that Rachel Schawang (Schawang"), the mother of two minor girls, informed him that she received Facebook messages from Defendant requesting reimbursement for

his purchase of alcohol and marijuana for the minor girls.  (Filing No. 52-7.) Officer Ramirez averred that the minors admitted going to Defendant's apartment where they drank alcohol and smoked marijuana. (Filing No. 52-7.)  The affidavit further stated that the minors showed Officer Ramirez videos and messages they had with Defendant while using Snapchat which depicted them consuming alcohol and smoking marijuana at Defendant's apartment.  (Filing No. 52-7.)  Officer Ramirez averred that the minors provided him Facebook and Snapchat messages where Defendant agreed to buy marijuana and alcohol for them.  (Filing No. 52-7.)  The affidavit stated that most conversations Defendant had with minors "took place by his cellular device or computer systems, and/or his computer capable of handling social media applications."  (Filing No. 52-7.)  Officer Ramirez further stated that Defendant admitted that he allowed the minor girls to come to his apartment to drink alcohol and smoke marijuana, and that he had been communicating with the minors "through social media applications such as Facebook Messenger and Snapchat applications on his cellular phone and or computer[s]." (Filing No. 52-7.)

In addition to information regarding alcohol and marijuana, the affidavit set out information pertaining to potential sexual contact between Defendant and minors.  One of the minors informed Officer Ramirez that she was aware that Defendant had sent photographs of his penis to underage girls through Snapchat and that Defendant had asked to have sex with her 14-year-old friend who had also been at Defendant's apartment.  (Filing No. 52-7.)

It was reasonable to infer from the facts set out in the affidavit that evidence of criminal activity could be found not only on devices used to communicate with minors, but also on devices that could be used to store electronic information.  Defendant simply characterizes his suspected criminal behavior as involving inappropriate electronic communications with minors.  While the affidavit contained ample facts regarding this, it also contained facts pertaining to possible sex crimes involving children. Purchasing alcohol and marijuana for minors is well-recognized grooming behavior and the affidavit included facts about sexualized content being conveyed to minors. As recognized by the Eighth Circuit, there is "an intuitive relationship between acts such as child molestation or enticement and possession of child pornography." *United States v. Colbert,* 605 F.3d 573, 578 (8th Cir. 2010).  "Computers and internet connections have been characterized . . . as tools of the trade for those who sexually prey on children."  *Id.*

The evidence that Defendant had the minors at his apartment and communicated with them using social media applications established a link to Defendant's apartment and the electronic devices (including storage devices) found therein. It was reasonable to infer that electronic storage devices in the apartment could have preserved/stored communications Defendant was having with minors using his cell phone/computers, as well as videos and photographs that he may have sent them. The search warrant's affidavit alleged a sufficient nexus between criminal activity and the electronic storage devices in the apartment to support probable cause for the search warrant for the seizure of those devices.

### 2.    Particularity

The Fourth Amendment to the United States Constitution provides that "no [w]arrants shall issue, but upon probable cause, supported by [o]ath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. This requirement exists to prevent "a general, exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971). In determining whether a warrant is sufficiently particularized, courts consider "the purpose for which the warrant was issued, the nature of the items to which it is directed, and the total circumstances surrounding the case." *United States v. Fiorito*, 640 F.3d 338, 346 (8th Cir. 2011) (quotation omitted). "The particularity requirement is a standard of practical accuracy rather than a hypertechnical one." *United States v. Maccani*, 49 F.4th 1126, 1131 (8th Cir. 2022) (quotation omitted).

Defendant argues the second search warrant lacked particularity. Again, the basis for this argument is that the warrant should have been limited to devices that could be used to communicate with the minors, as opposed to all electronic devices in his apartment. However, as explained above, storage devices have the capability to preserve evidence of criminal activity. At the time law enforcement sought the warrant, Officer Ramirez had already seen Facebook and Snapchat messages between the minors and Defendant on the minors' phones discussing the purchase of alcohol and marijuana. Defendant had also admitted to communicating with the minors and allowing them to drink alcohol and smoke marijuana at his apartment. In cases such as this, where there is potentially illegal materials on one device, there is a fair probability that illegal materials will be found on another device. *See United States v. Elliott*, No. 22-2210, 2023 WL 3746899, at *2 (8th Cir. June 1, 2023) ("[F]inding illegal material on one set of electronic devices can create a

'fair probability' of finding it on others"). Also, the search warrant defined the specific items from the electronic devices that could be seized and searched. (Filing No. 52-7.) It identified a list of digital files and records from the electronic devices falling within a particular timeframe. (Filing No. 52-7.) The Court finds the warrant was sufficiently particular.

### 3.  *Leon* and the Independent Source/Inevitable Discovery Doctrine

The Magistrate Judge concluded that, even if the affidavit did not provide probable cause to seize the devices, the *Leon* good-faith exception to the exclusionary rule applied. *See United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). "Under the good-faith exception, evidence seized pursuant to a search warrant issued by a magistrate that is later determined to be invalid, will not be suppressed if the executing officer's reliance upon the warrant was objectively reasonable." *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007). The Court agrees with the Magistrate Judge's conclusion in this regard.

The Magistrate Judge also stated that even if the affidavit did not provide probable cause to search the storage devices, she would nevertheless find the evidence admissible under the independent source or inevitable-discovery doctrine. The independent-source doctrine applies "if the evidence both would have been acquired by lawful means had the unlawful search not occurred and in fact *was* acquired (or reacquired) by these lawful means." *United States v. Baez*, 983 F.3d 1029, 1037 (8th Cir. 2020). The inevitable-discovery doctrine applies if the "evidence would have been acquired by lawful means had the unlawful search not occurred but in fact *was not* acquired (or reacquired) by these lawful means."[1] *Id*. As recognized by the Magistrate Judge, the distinction between these doctrines is not "sharp," but underlying both is "the principle that, while the government should not profit from its illegal activity, neither should it be placed in a worse position than it would otherwise have occupied." *Id*. (quotation omitted). The subsequent warrant for the evidence that was obtained by the Nebraska State Patrol was based on its separate child pornography investigation into Defendant, which was lawful and unrelated to the Falls City Police Department's child abuse investigation. (Filing No. 52-9.) Therefore, as found by the Magistrate

---

[1] The Eighth Circuit has also articulated a two-part test for applicability of the inevitable-discovery doctrine: (1) that there was a reasonable probability that the evidence would have been discovered by lawful means in the absence of police misconduct and (2) that the government was actively pursuing a substantial, alternative line of investigation at the time of the constitutional violation. *United States v. Conner*, 127 F.3d 663, 667 (8th Cir. 1997). The outcome in the situation presented in this case would be the same under either this test or the test indicated above.

Judge, the evidence would still be admissible under the independent-source doctrine and/or the inevitable-discovery doctrine.

Upon careful de novo review, the Court finds Defendant's Motion to Suppress (Filing No. 42) should be denied.

Accordingly,

**IT IS ORDERED:**

1. Defendant's objections (Filing No. 76) to the Magistrate Judge's Findings and Recommendation are overruled.

2. The Magistrate Judge's Findings and Recommendation (Filing No. 75) is accepted.

3. Defendant's Motion to Suppress (Filing No. 42) is denied.

4. Trial will be set by separate order.

Dated this 27th day of January, 2025.

BY THE COURT:

Susan M. Bazis
United States District Judge