IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **4:23CR3059** |
| vs. | |
| | **MEMORANDUM AND ORDER** |
| MATTHEW TIMOTHY, | |
| Defendant. | |

This matter is before the Court on Defendant's request for a jury trial on the issue of restitution.  (Filing No. 141.)  The request will be denied.

## DISCUSSION

Following a bench trial, Defendant was convicted of knowingly receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) and knowingly possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  Defendant's sentencing is scheduled for October 2, 2025.  (Filing No. 143.)  The Government intends to seek restitution in the amount of $3,000 for each of the two victims.  (Filing No. 146.)

Defendant argues he is entitled to a jury trial[1] on the issue of restitution because there is a factual dispute as to the identity of the victims and/or the amount of restitution for which any victim is entitled.  Defendant points to the United States Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), wherein the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory

---

[1] Defendant acknowledges he waived his right to a jury trial.  He argues, however, that this waiver only extended to the issue of his guilt or innocence as to the allegations in the Indictment, and not the issue of restitution.  (Filing No. 141.)

maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. *See also S. Union Co. v. United States*, 567 U.S. 343 (2012) (finding that the *Apprendi* rule applies to the imposition of criminal fines); *Alleyne v. United States*, 570 U.S. 99 (2013) ("[F]acts that increase mandatory minimum sentences must be submitted to the jury"); *Blakely v. Washington*, 542 U.S. 296 (2004) (holding that the judge's sentencing of the defendant above the statutory maximum on the basis that the defendant acted with "deliberate cruelty" violated the defendant's right to a jury trial where the facts supporting deliberate cruelty were neither admitted nor found by a jury).

However, the Eighth Circuit Court of Appeals has found that *Apprendi* does not require a jury trial on the issue of restitution. *United States v. Thunderhawk*, 799 F.3d 1203, 1209 (8th Cir. 2015). In *Thunderhawk*, the defendant was convicted of abusive sexual contact of a child in violation of 18 U.S.C. § 2244(a)(5) and sentenced to 41 months in prison and ordered to pay $14,967.47 in restitution for the victim's health care costs. On appeal, the defendant argued that restitution is a criminal punishment beyond the statutory maximum and therefore must be proved to a jury under *Apprendi* and its progeny. The Eighth Circuit rejected this argument, citing *United States v. Carruth*, 418 F.3d 900, 904 (8th Cir. 2005). In *Carruth*, the Eighth Circuit determined that *Apprendi* does not prohibit judicial restitution fact finding because "[r]estitution is designed to make victims whole, not to punish perpetrators" and is "essentially a civil remedy created by Congress and incorporated into criminal proceedings for reasons of economy and practicality." *Carruth*, 418 F.3d at 904. *See also United States v. Thomas*, 422 F.3d 665, 670 (8th Cir. 2005) (rejecting argument that restitution constitutes a punishment). Based on this Eighth Circuit authority, Defendant is not entitled to a jury trial on the issue of restitution.

**IT IS ORDERED** that Defendant's request for a jury trial on the issue of restitution (Filing No. 141) is denied.

Dated this 26th day of September, 2025.

BY THE COURT:

Susan M. Bazis
United States District Judge

2